United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 1, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 03-11060

In The Matter of: JOE P. LOPEZ

Debtor.

- - - - - - - - - - - - - - - - -

JOE P. LOPEZ,

Appellant,

VERSUS

VEHICLE REMOVAL CORPORATION,

Appellee.

Appeal from the United States District Court
for the Northern District of Texas
(02-CV-1610)

Before DeMOSS, STEWART, and PRADO Circuit Judges.

PER CURIAM:[*]

Appellant Joe Lopez, an attorney, operates a law practice that focuses almost entirely on contingent fee cases arising out of improperly towed vehicles, in addition to some cases in which he files Chapter 13 bankruptcies for his debtor-clients. On November

---

[*]Pursuant to 5th CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th CIR. R. 47.5.4.

7, 2000, Lopez filed his own petition for Chapter 7 bankruptcy after Appellee Vehicle Removal Corporation ("VRC") obtained a pre-bankruptcy judgment against him. When Lopez filed his bankruptcy petition, he reported on his bankruptcy schedules that he had no accounts receivable. In addition, Lopez listed a zero on his bankruptcy schedules for the estimated amount of any contingent or unliquidated claims or rights to which he was entitled. There was evidence, however, indicating that Lopez subsequently collected fees on both the contingent fee and Chapter 13 pre-petition cases.

At a creditors' meeting in May 2001, Lopez was asked by VRC's counsel whether Lopez reported all of his assets and liabilities on his bankruptcy schedules. Lopez responded that he had fully disclosed all such information and added that he had no accounts receivable. After the creditors' meeting, VRC approached Lopez and informed him that any contingent fee cases that he might have outstanding were reportable on his bankruptcy schedules as assets. Shortly thereafter, on June 11, 2001, Lopez amended his bankruptcy petition, adding a partial list of the contingent fee cases that had been started pre-petition. On June 29, 2001, Lopez submitted to VRC another list of his pre-petition contingent fee cases that included additional cases not reported in his June 11, 2001 amendment. Lopez did not, however, submit the June 29, 2001, list to the bankruptcy trustee.

On August 2, 2001, VRC and the bankruptcy trustee filed a discharge complaint against Lopez, objecting to his discharge.

Specifically, VRC and the trustee alleged Lopez violated 11 U.S.C. § 727(a)(4)(D), which precludes discharge if the "debtor knowingly and fraudulently . . . withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs." The bankruptcy court found Lopez violated § 727(a)(4)(D) by failing to list settlements and payments on contingency fee cases after he became aware that the money received was part of the bankruptcy estate. Pursuant to this finding, the bankruptcy court denied Lopez a discharge. Lopez appealed the bankruptcy court's order. The district court affirmed the bankruptcy court, and Lopez timely filed the instant appeal.

Having carefully reviewed the entire record of this case, and having fully considered the parties' respective briefing and arguments, we find no reversible error in the district court's memorandum opinion and order. We therefore AFFIRM the final judgment of the district court for the reasons stated in its order. AFFIRMED.